UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LUIS FERNANDEZ** | : | |
| | : | **PRISONER** |
| v. | : | CASE NO. 3:02CV2090 (JBA) |
| | : | |
| **CHIEF ROBERT PAQUETTE, et al.** | : | |

### RULING AND ORDER

This ruling considers a request for de novo review of a ruling issued by the Honorable Joan G. Margolis, United States Magistrate Judge, on December 19, 2003. The ruling granted the defendants' motion to depose the plaintiff over the plaintiff's objection. (See doc. #48.)

With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination. See 28 U.S.C. § 636(b)(1)(A). Certain enumerated motions, however, cannot not be determined by a magistrate judge.[1] See id. Such motions may be referred to a magistrate judge for "proposed findings of fact and recommendations for ... disposition," but must then be returned to the district judge for final action. See 28 U.S.C. § 636(b)(1)(B). If a referred motion is within the ambit of section 636(b)(1)(A) and not one of the enumerated motions, then the district court can revise it only when a timely objection has been filed and "it has been shown that the

---

[1] In civil cases, the excepted motions are motions "for injunctive relief, for judgment on the pleadings, for summary judgment, ... to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). If, however, the motion is one of the enumerated motions, the district court is directed, upon the filing of a timely objection, to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

A motion for leave to depose a party is not one of the enumerated motions that must be referred to a magistrate judge for a recommended ruling. Thus, the standard of review applicable to the ruling on the motion is whether it was clearly erroneous or contrary to law. See Rule 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where is has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Because the plaintiff asks the court to undertake a de novo review of the Magistrate's ruling, his motion is denied.

Because the plaintiff proceeds pro se in this matter and may have been unaware of the two standards of review, the court will

review the magistrate judge's ruling under the clearly erroneous standard.  The plaintiff objects to the ruling because he construes it as a decision on whether he may try this case to a jury.  The ruling simply grants the defendants' request to take the plaintiff's deposition and makes no reference to the fact that the plaintiff has requested a jury trial in this matter.  After full review of the magistrate judge's ruling, the court concludes that it is not clearly erroneous or contrary to law.  Accordingly, the plaintiff's objection to the ruling is overruled.

## Conclusion

The Motion for De Novo Review [**doc. #51**] of the magistrate judge's Ruling granting the defendants' motion to depose the plaintiff is **DENIED**.  The court concludes that the ruling is not clearly erroneous or contrary to law.

IT IS SO ORDERED

_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: September    , 2004**